# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS P. MADDEN, JR.,

    Plaintiff,

v.

PHILADELPHIA PARKING
AUTHORITY, et al.,

    Defendants.

CIVIL ACTION

No. 09-5846

**MEMORANDUM/ORDER**

Plaintiff Francis P. ("Hank") Madden, Jr. has filed a lawsuit seeking over $500 trillion in damages from defendants Philadelphia Parking Authority ("PPA"), the City of Philadelphia, and the Commonwealth of Pennsylvania. According to Madden's *pro se* complaint, he received a parking ticket on October 2, 2009, but was found not guilty of the violation on October 14, 2009. Compl. at 2. Madden alleges that the "parking violation was dismissed on [the] ground [that] the time was paid for," but that he "was give[n] a ticket anyway . . . for the fact they [i.e., PPA employees] need to have a number of tickets to get . . . promoted to a high job if [they are] not from a family that is a public figure in [Philadelphia]." *Id.* Defendants now move (docket nos. 7, 8, and 9), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss this action for lack of subject-matter jurisdiction and for failure to state a claim on which relief may

1

be granted. For his part, plaintiff has filed both (1) a "motion to ask for a judgment" (docket no. 16), which does not respond to the arguments in defendants' motions to dismiss, and (2) a motion to amend his complaint (docket no. 17) to add the United States of America as a defendant.

This court construes plaintiff's complaint to allege two federal claims: (1) a violation of Rule 54 of the Federal Rules of Civil Procedure, regarding judgments and costs,[1] *see* Compl. at 1 (quoting a significant portion of Rule 54), and (2) a claim, pursuant to 42 U.S.C. § 1983,[2] that defendants have violated the equal protection clause of the Fourteenth Amendment, *see* Compl. at 2 ("I allege that the defendant has discriminated against me . . . .").[3] As such, this court has subject-matter jurisdiction over

---

[1] Among other things, Rule 54 defines "judgment" to mean "a decree and any order from which an appeal lies," provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," and mandates that "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(a) & (c).

[2] 42 U.S.C. § 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[3] The Commonwealth's brief suggests that the complaint may plead a due process violation. Plaintiff, however, does not contend that the processes by which he was adjudged not guilty of the parking ticket were insufficient, and he also does not claim that the PPA should have held some kind of administrative process before refusing to pay him the amounts he has attempted to collect. I therefore do not read the complaint as raising due process concerns.

the complaint pursuant to 28 U.S.C. § 1331.[4]

However, plaintiff's claim based on Rule 54 does not state a viable cause of action. As the Commonwealth notes, the Federal Rules of Civil Procedure do not apply when "a party wins a judgment" in a *state* proceeding. Pa. Br. at 6. The Federal Rules also do not "create any private, federal cause of action." *Serratelli v. Hick, Muse, Tate & Furst, Inc.*, No. 98-cv-633, 1998 WL 297622, at *5 (E.D. Pa. June 4, 1998) (internal quotation marks omitted); *accord, e.g.*, *Shahin v. Darling*, 606 F. Supp. 2d 525, 539 (D. Del. 2009) (citing further cases). The complaint will therefore be dismissed with prejudice insofar as it attempts to state a claim for a violation of Rule 54 of the Federal Rules of Civil Procedure. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (allowing dismissal without leave to amend if amendment would be futile).

Madden's § 1983 claim, meanwhile, may not proceed against the Commonwealth of Pennsylvania, because (1) the Commonwealth is not a "person" that may be sued for damages under § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989), and (2) suits against a state for damages are barred by the Eleventh Amendment unless the state has consented to such suits, *see, e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 663 (1974), and Pennsylvania has not given its consent to such actions, *see Laskaris v.*

---

[4] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3

*Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (quoting 42 Pa. Cons. Stat. § 8521(b)[5]). The § 1983 claims against the Commonwealth will therefore also be dismissed with prejudice.

The § 1983 claim also appears to be insufficiently pled against the City of Philadelphia and PPA. Insofar as the complaint pleads an equal protection claim based on the theory that Madden is a "class of one," "to state a claim under that theory, a plaintiff must [at least] allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Like the claim at issue in *Hill*, plaintiff's claim fails because "it does not allege the existence of similarly situated individuals" – which is to say other individuals who successfully challenged parking tickets – whom PPA treated "differently than [it] treated [plaintiff]." *Id.* Moreover, insofar as the complaint is intended to allege that PPA discriminated against Madden on the basis of a characteristic such as race or religion, plaintiff "has not alleged any facts to support [such] a conclusion" or so much as alleged that he "was treated differently from other similarly situated individuals." *Warren v. Luzerne County*, No. 09-cv-0946, 2010 WL 521130, at *6 (M.D. Pa. Feb. 9, 2010); *see also, e.g.*, *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir.

---

[5] 42 Pa. Cons. Stat. § 8521(b) provides that "[n]othing contained in [Pennsylvania's Sovereign Immunity Act]shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."

4

2005) (noting that "[i]n order to bring a successful section 1983 claim for the denial of equal protection," a plaintiff "must demonstrate that [he] received different treatment from that received by other individuals similarly situated") (emphasis removed).

However, none of the defendants has addressed the possibility that Madden's complaint is an inartful attempt to plead a potential equal protection claim, and plaintiff – although he has not filed any response to the motions to dismiss – has therefore not had the opportunity to respond to the concerns listed in the previous paragraph about his § 1983 claim. While a court "may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action," *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980); *accord Warren*, 2010 WL 521130, at *3 n.4, it "should not dismiss a complaint without first giving the plaintiff an opportunity to respond," *Huber v. Taylor*, 532 F.3d 237, 249 (3d Cir. 2008). Plaintiff will therefore be given twenty days from the date this memorandum/order is filed to show cause why his § 1983 claims against the City of Philadelphia and against PPA should not be dismissed. Until either (1) plaintiff submits a response to the motions to dismiss, or (2) twenty days have elapsed from the memorandum/order's filing date, this court will reserve judgment on the disposition of the § 1983 claims against PPA and the City of Philadelphia, including the merits of the argument advanced in Section IV.A of the City's brief.

Next, I consider plaintiff's motion for a judgment, which, on its face,

impermissibly seeks a judgment under Rule 54. Because plaintiff's motion was made at this early juncture, however, and because it advances legal theories not found in the complaint – namely, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the Equal Pay Act, of 1963, 29 U.S.C. § 206(d) – I conclude that it is best construed as a motion to amend the complaint pursuant to Rule 15. So construed, the motion is governed by Rule 15(a)(2), because the time for an amendment without leave of court expired in January 2010, twenty-one days after Madden was served with the motions to dismiss. *See* Fed. R. Civ. P. 15(a)(1). Although leave to amend "should freely [be] give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), an amendment may be denied if it would be futile – which is to say, if it "would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010).

The RICO and Equal Pay Act claims included in Madden's motion would be futile. Any RICO claim would be dismissed because, among other deficiencies, plaintiff has not alleged that the defendants took part in any of the long list of "racketeering activities" enumerated in 18 U.S.C. § 1961(1). A claim for a violation of the Equal Pay Act, meanwhile, requires showing that "that employees of the opposite sex were paid differently for performing 'equal work' – work of substantially equal skill, effort and responsibility, under similar working conditions." *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000). However, nothing in either the complaint or the motion for a

6

judgment alleges that plaintiff was an employee of the defendants or that employees of the opposite sex were paid more. Plaintiff's motion, construed as a motion to amend the complaint, will therefore be denied.[6]

Finally, plaintiff's motion to amend the complaint to add the United States of America as a defendant, which is similarly governed by Rule 15(a)(2), will be denied. The complaint includes no factual allegations whatsoever against the United States. Instead, plaintiff argues that the federal government should be liable because "the [PPA] has on the back of the parking ticket[, ']pay to the city of Philadelphia[,'] the Commonwealth of Pennsylvania over[sees] the city of Philadelphia,] and the big guy the United [S]tates of America gives fund to the [C]ommonwealth of Pennsylvania." Mot. to Amend, at 1. Plaintiff presents no authority suggesting that this "[f]ollow the money trail" argument, *id.*, presents a proper basis on which he may sue the United States, and it does not. Plaintiff's proposed amendment would therefore be futile.

**AND NOW**, this 14th day of June, 2010, upon consideration of defendants' motions to dismiss the complaint (Docket Nos. 7, 8, and 9), it is hereby **ORDERED** as follows:

(1) The Commonwealth of Pennsylvania's motion to dismiss (Docket No. 9) is

---

[6] The Motion for a Judgment arguably also alleges that defendants violated the Declaration of Independence. However, "[t]here is no private right of action to enforce the Declaration of Independence." *Black v. Simpson*, No. 07-cv-P354, 2008 WL 544458, at *2 (W.D. Ky. Feb. 27, 2008) (citing *Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996)).

**GRANTED**, and plaintiff's claims against the Commonwealth are dismissed with prejudice;

(2) The motions to dismiss filed by the Philadelphia Parking Authority and the City of Philadelphia (Docket Nos. 7 and 8) are **GRANTED IN PART**, and the claims brought against those defendants pursuant to Federal Rule of Civil Procedure 54 are dismissed with prejudice;

(3) Plaintiff is ordered, no later than twenty (20) days after the date this order and the preceding memorandum are filed, to show cause why his claims that the City of Philadelphia and the Philadelphia Parking Authority deprived him of the equal protection of the laws in violation of 42 U.S.C. § 1983 should not be dismissed for failure to state a claim on which relief may be granted; and

(4) Plaintiff's Motion to Ask for a Judgment (Docket No. 16), construed as a motion to amend the complaint, is **DENIED**; and

(5) Plaintiff's Motion to Add the United States of America as a Defendant (Docket No. 17) is **DENIED**.

/s/Louis H. Pollak
Pollak, J.