UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCIS P. MADDEN, JR.,

    Plaintiff,

v.

PHILADELPHIA PARKING
AUTHORITY, et al.,

    Defendants.

CIVIL ACTION

No. 09-5846

**MEMORANDUM**

In his *pro se* complaint, plaintiff Francis P. Madden, Jr. seeks over $500 trillion in damages from defendants Philadelphia Parking Authority ("PPA"), the City of Philadelphia, and the Commonwealth of Pennsylvania to compensate him for time spent defending against the imposition of a parking ticket. Defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On June 14, 2010, this court issued a memorandum/order (docket no. 18) which, *inter alia*, (1) granted the motion to dismiss filed by the Commonwealth of Pennsylvania, (2) granted, in part, the motions to dismiss filed by the City of Philadelphia and the PPA, (3) construed the complaint to attempt to plead an equal protection claim,(4) ordered plaintiff to show cause, within twenty days, why that claim should not be dismissed, and (5) rejected plaintiff's attempt to amend the complaint to add, among other things, a claim for

1

violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Plaintiff has responded via a document captioned as a "Motion to Get the Dismiss[al] Over[turned] and the Judgment Signed" (docket no. 19). In part, this motion is a response to the show cause order, and in part, it is a motion for reconsideration.

In response to the show cause order, plaintiff argues that, had a lawyer successfully challenged a parking ticket on behalf of a plaintiff, the PPA would be required to reimburse the prevailing plaintiff for attorney's fees – and that PPA must therefore compensate him, too. *See* Mot. at 1, 3. This theory is not, however, found in plaintiff's complaint, which does nothing more than allege, without elaboration, that PPA discriminated against Madden. And while I am bound to liberally construe plaintiff's complaint, *see, e.g.*, *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), that document "may not be amended by the briefs in opposition to a motion to dismiss," *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation marks omitted). This court cannot, in other words, read into the complaint plaintiff's theory that the PPA singled him out as a non-lawyer.[1] Plaintiff has also not demonstrated that the complaint, as written, adequately pleads an equal protection claim. Accordingly, plaintiff's equal protection claims against PPA and the City of Philadelphia will be dismissed, and because no other viable claims remain against

---

[1] As a result, I express no opinion on the merits of the theory included in plaintiff's brief.

PPA and the city, the motions to dismiss filed by those defendants will be granted. However, because the equal protection claim will be dismissed as inadequately pled, the dismissal will be without prejudice.

The remainder of plaintiff's motion seeks reconsideration of certain aspects of this court's earlier memorandum/order – namely, (1) the dismissal of (a) Madden's equal protection claim against the Commonwealth of Pennsylvania, and (b) his claims against all defendants brought under Rule 54 of the Federal Rules of Civil Procedure, and (2) the denial of Madden's motion to add an Equal Pay Act claim to the complaint. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, reconsideration is appropriate if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Where errors of law or fact are alleged, factual or legal issues may be reconsidered if they were "overlooked by the court in its decision," but "[a] motion for reconsideration is not properly grounded on a request that a court reconsider repetitive arguments that have [been] fully examined by the court." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002) (internal quotation marks omitted).

Madden's motion initially appears to argue that there has been an intervening change in the prevailing law governing his complaint. Specifically, plaintiff appears to contend that something in *Cradle of Liberty Council, Inc. v. City of Philadelphia*, No. 08-cv-2429, supports his theory that he is entitled to a judgment. It is, however, not clear how *Cradle of Liberty* – which concerned the City of Philadelphia's attempt to evict the Boy Scouts of America from a building on city property, *see* 2008 WL 4399025, at *1-*2 – is relevant to the question of whether plaintiff has stated a claim on which relief may be granted. In any case, *Cradle of Liberty* is not relevant to any of the reasoning used by this court in its June 14, 2010 memorandum/order. In particular, *Cradle of Liberty* is unrelated to the questions of whether (1) there is a private right of action for violations of Rule 54, (2) the Commonwealth of Pennsylvania is entitled to sovereign immunity, and (3) plaintiff may state a claim for a violation of the Equal Pay Act without alleging that he was an employee of the defendants.

Plaintiff also argues, in essence, that whether or not the Commonwealth is immune from suit, his action is not barred, because he "is asking for a judgment," not bringing "a law suit." Mot. at 1. But, by the very act of seeking judgment, plaintiff has filed a lawsuit, which, for the reasons stated in this court's earlier memorandum/order, the Commonwealth of Pennsylvania, as a sovereign state, is protected from lawsuits by

sovereign immunity.[2] For these reasons, plaintiff's motion for reconsideration will be denied.

An appropriate order accompanies this memorandum.

---

[2] Plaintiff's motion also argues that the PPA is a local agency. For purposes of the reasoning used in this court's earlier memorandum/order, however, the formal status of PPA is irrelevant.