# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS P. MADDEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> PHILADELPHIA PARKING AUTHORITY, et al., <br><br> Defendants. | CIVIL ACTION <br><br> No. 09-5846 |

## **MEMORANDUM**

In his *pro se* complaint, plaintiff Francis P. Madden, Jr. sought over $500 trillion in damages from defendants Philadelphia Parking Authority ("PPA"), the City of Philadelphia, and the Commonwealth of Pennsylvania to compensate him for time spent defending against the imposition of a parking ticket. After defendants moved to dismiss the complaint, this court, on June 14, 2010, entered a memorandum/order (docket no. 18) which, *inter alia*, (1) granted the motion to dismiss filed by the Commonwealth of Pennsylvania, (2) granted, in part, the motions to dismiss filed by the City of Philadelphia and the PPA, (3) construed the complaint to attempt to plead an equal protection claim, and (4) ordered plaintiff to show cause, within twenty days, why that claim should not be dismissed. After receiving a response from plaintiff, this court entered a further memorandum and order on July 20, 2010, which, among other things, dismissed the equal

1

protection claim without prejudice and allowed plaintiff the opportunity to file an amended complaint properly stating an equal protection claim no later than July 28, 2010.

On July 28, plaintiff filed a document titled "Motion to sign of equal protection against Philadelphia Parking Authority" (docket no. 22). This document, which is written in the form of a brief, argues that the PPA is not entitled to sovereign immunity; it does not attempt to state an equal protection claim. Accordingly, even assuming that I may construe plaintiff's filing as an amended complaint, it fails to state a claim upon which relief may be granted and will be dismissed. *See, e.g.*, *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1981) ("The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."); *Schiffman v. Postmaster of Phila.*, Nos. 95-cv-5363, 95-cv-6846, 1997 WL 602786, at *7-*8 (E.D. Pa. Sept. 19, 1997) (citing further cases). Further, because plaintiff has been given opportunities to defend and amend his complaint but has failed to state anything approaching a colorable equal protection claim, the dismissal will be with prejudice.

An appropriate order accompanies this memorandum.